FILED
SUPERIOR COURT
OF GUAM

2025 FEB 21 AM 9: 59

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LINDA TAITANO REYES, CARL WILLIAM TAITANO, TYRONE JOHNSON TAITANO, LOL ANN SHINTAKU and ROSE T.J. LUJAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSE JUAN TAITANO,<br><br>Defendant. | CIVIL CASE NO. CV0697-23<br><br>**DECISION AND ORDER**<br>*Re: Plaintiffs' Motion for Summary Judgment* |

This matter came before the Honorable Arthur R. Barcinas on November 22, 2024 for a hearing on Plaintiffs' Motion for Summary Judgment. Plaintiffs Linda Taitano Reyes, et al. (collectively, "Plaintiffs"), were represented by Attorney Duncan G. McCully. Defendant Jose Juan Taitano ("Defendant") appeared *pro se*. Upon consideration of the parties' arguments, the Court **GRANTS** the Motion.

### INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment against Defendant. The dispute centers around a Lis Pendens recorded in 2019 by Defendant on certain lots in Dededo, Guam, which Plaintiffs seek to cancel and expunge.

On October 30, 1962, Jose S.N. Taitano deeded his daughter Ana T. Javier (Javier) "all the remaining portions of Lot 5019 and Lot No. 5018-1, Municipality of Dededo." Mot., at 5.

This was significantly more of the property than Javier's siblings received. In 1973, Defendant and his siblings filed a counterclaim in Civil Case No. 226-73 against Javier – who was their aunt – as well as Javier's siblings. In the counterclaim, Defendant asserted that Defendant and his siblings were the owners of Lot 5019A-R8, Dededo, Guam. Defendant alleges that he has asserted over the past fifty (50) years that Javier had fraudulently acquired a portion of Defendant's grandfather's land which Javier was allegedly not entitled to. In 1994, Javier deeded Lot 5019-R8 to her daughters Lola, Rose, and Betty Jo.

In March 2019, Defendant recorded a Notice of Lis Pendens ("Notice") setting forth his and his siblings' claim to part of the Plaintiffs' land, under belief that one of Javier's daughters was attempting to sell land that Defendant believed he and his siblings were entitled to. The Lis Pendens is an encumbrance on Plaintiffs' properties, Lots 5019A-10, 5019A-11, 5019A-12, 5019A-13, and 5019A-R13, in Harmon, Guam, which are subdivisions of Lot 5019A-R8.

On December 14, 2023, Plaintiffs filed a Complaint to Cancel an Instrument ("Complaint"), seeking to have the Lis Pendens canceled. On January 19, 2024, Defendant filed an Affidavit/Answer to Complaint and Summons ("Answer"), alleging that the 1962 Deed of Gift which granted Javier the disputed property was fraudulently forged. The Answer further alleged that Plaintiffs, who acquired the properties as part of a gift from Javier, are not the sole owners of the subdivisions of Lot No. 5019A-R8.

On September 20, 2024, Plaintiffs filed the instant Motion for Summary Judgment ("Motion"), requesting that the Court: (1) cancel and expunge the 2019 Lis Pendens on the above lots; and (2) dismiss any counterclaims which Defendant may have asserted in his January 19, 2024 Answer as being barred by relevant statutes of limitations and the statute of frauds.

On October 28, 2024, Defendant filed his opposition to summary judgment, arguing that material factual disputes exist regarding the validity of the 1962 Deeds of Gift, whether the 2019

Lis Pendens was filed in good faith, and the issues of the 1973 lawsuit, which Defendant argues remain unresolved. Defendant also argued that there was fraudulent or misleading conduct in the 1962 Deeds, that Defendant and his family had legitimate expectation of land ownership, and that the statute of limitations should not apply because the fraud was allegedly only recently discovered.

On November 12, 2024, Plaintiffs filed their reply, primarily arguing that Defendant fails to show any genuine issues of material fact, and asserting that all of Defendant's claims are either legally irrelevant, time-barred, or factually insufficient to prevent summary judgment.

On November 22, 2024, the parties submitted on the pleadings and Court took the matter under advisement.

## LEGAL STANDARD

Under Rule 56 of the Guam Rules of Civil Procedure (GRCP), summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Guam Resorts, Inc. v. G.C. Corp.*, 2013 Guam 18 ¶ 36. The court must view the evidence and draw inferences in the light most favorable to the non-moving party *Edwards v. Pacific Financial Corp., 2000 Guam 27*. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8.

## DISCUSSION

Plaintiffs argue that summary judgment should be granted, alleging that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. The Court examines each of the issues in turn.

The first issue is whether Defendant's Notice of Lis Pendens is valid. The validity of a Notice of Lis Pendens is a legal question subject to the provisions of 7 GCA § 14103. § 14103 requires a Lis Pendens to be filed in connection with an active lawsuit affecting property title, as it must be filed by either a plaintiff at the filing of the complaint, or by a defendant at or after the filing of an answer. Defendant admitted in his deposition that no lawsuit was pending when he recorded the Lis Pendens in 2019. Mot., at 9 (Def. Depo. at 80). Since there was no case pending, the Lis Pendens was legally improper, making this a question of law, not fact, and the Court finds as a matter of law that Plaintiffs are entitled to a grant of summary judgment on this issue. Accordingly, the Court **ORDERS** that the Lis Pendens is invalid, and should be cancelled and expunged.

The second issue is whether Defendant's fraud allegations against the 1962 Deeds of Gift are barred by the statute of limitations. This is also a legal question. Defendant alleged the 1962 Deeds of Gift were fraudulent and granted more land to Javier than intended. In so alleging, Defendant relies on a 1975 affidavit from Carlos P. Taitano, which allegedly contains misrepresentations. Pursuant to 7 GCA § 11305, Guam law imposes a four-year statute of limitations for fraud claims. Defendant and his family knew of the alleged fraud at least as early as 1973, as that is when they filed their counterclaim in Civil Case No. 226-73. That case was dismissed in 1979, which meant that, at the latest, Defendant had until 1983 – four years after the case was dismissed – to refile, and he failed to do so. The Court does not find that fraud allegations should be revived nearly fifty (50) years later, nor does the Court find that it feasible that Defendant can claim "recent discovery" of fraud when he and his family are essentially making the same allegations that they have since the 1970s. Thus, the Court will also **GRANT** summary judgment on this issue and **ORDER** that Defendant's fraud claims are barred by the statute of limitations.

The third issue is whether Defendant has any claim to the property based on his grandfather's verbal promises. This does not present a genuine issue of fact, as oral promises have no legal force in matters of real estate and are rendered unenforceable by the Guam Statute of Frauds under 6 GCA § 6103(4) and 21 GCA § 4101. Thus, even if the Court were to accept Defendant's allegations of the verbal promise as true, it would still not be a material fact because the law does not recognize verbal property agreements. Accordingly, the Court will **GRANT** summary judgment to Plaintiffs on this issue.

The fourth issue, raised by Defendant in his opposition, is whether Defendant's intent to "re-file the continuance of Civil Case No. 226-73" is valid. Opp., at 2. Again, this is a legal question. The Court finds that Defendant's argument that the Lis Pendens was meant to "continue" the 1973 case is legally untenable for several reasons. First, a case dismissed nearly fifty years ago cannot be revived without a motion for reconsideration or other motion under Guam Rules of Civil Procedure ("GRCP") 60(b), which Defendant never filed in this case and is likely precluded from filing because a GRCP 60(b) motion must be made within a reasonable time. For a fraud claim, that reasonable time cannot be "more than one year after the judgment, order, or proceeding was taken." GRCP 60(b), 60(b)(3). Second, even if the claims from 1973 were still valid, they are long barred by the statutes of limitation, as explained above. Third, the Plaintiffs in this case were not parties to the 1973 case, meaning that it would have no bearing on their current land ownership, because Plaintiffs were not given an opportunity to litigate their property rights in the 1973 case, and Defendant thus cannot use the 1973 case to challenge Plaintiffs' property rights now since Plaintiffs were never bound by the prior litigation. Accordingly, the Court will **GRANT** summary judgment to Plaintiffs on this issue.

The fifth and final issue, also raised in the opposition, is whether the 1962 Deeds were properly recorded according to Guam's document recording requirements. Opp., at 8. Defendant

asserts that, due to alleged flaws in the recording process, the deeds should be voided. The Court finds that, even if this is a disputed fact, it is not a material fact. The Guam Department of Land Management accepted and recorded the deeds nearly sixty years ago, and thus the deeds are protected under Guam's recording laws. "Every conveyance of real property acknowledged or proved and certified and recorded as prescribed by law from the time it is filed with the Director of Land Management is constructive notice of the contents thereof to subsequent purchasers and mortgagees." 21 GCA § 37101. The Guam Supreme Court has found that, even where a deed is technically defective when recorded and accepted, it does not render that deed legally invalid nor render it unacceptable by the Department of Land Management nor defeat the transfer of title under it. *Camacho v. Estate of Gumataotao*, 2010 Guam 1 ¶ 28. The Court has also held that, if necessary, such minor technical deficiencies in a deed may be cured later *Id.* Defendant has not presented the Court with any evidence that any differences between the September 26, 1962 Deed and the October 30, 1962 Deed were not simply the result of curing a deficiency in the original deed. Thus, the Court does not find that the alleged inconsistencies or deficiencies in the Deeds are relevant to the instant case, as both Deeds were recorded and accepted by the Department of Land Management as valid. Accordingly, the Court will **GRANT** summary judgment in favor of Plaintiffs on this issue.

/ / /

/ /

/

## CONCLUSION

For the foregoing reasons, the Court finds that no genuine issues of material fact are present in this case, and that Plaintiffs are entitled to judgment as a matter of law. Therefore, the Court **GRANTS** summary judgment in favor of Plaintiffs and **ORDERS** that Defendant's Notice of Lis Pendens be cancelled and expunged.

**IT IS SO ORDERED** ___FEB 2 1 2025___ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**